PeaesoN, C. J.
 

 The bill is badly drawn, and the cause being set for hearing on
 
 “
 
 bill and answer” the case fails, as well in regard to the
 
 probata
 
 as the
 
 allegata.
 
 It is defective in form and substance. In short, the plaintiff cannot have the relief asked for, without departing from so many of the established modes of proceeding in courts of equity, and violating so many clear principles, that we feel at a loss which ground to select as the basis of the decree dismissing the bill.
 

 The plaintiff seeks for an account of a fund, which the defendants either have, or ought to have received, as trustees, under a deed, executed by one Sirmans, and alleges that he is entitled to have one of the debts, therein enumerated, paid to him, and to be exonerated in respect to another, and also charges, that the deed was made by Sirmans, with an intent to
 
 *14
 
 defraud creditors; for that a supposed debt of five hundred dollars, secured to the defendant, Warren, who is one of the trustees, is feigned and covinous.
 

 1. The allegation that two notes, of $500 each, set out in the deed as payable to N. K. McDuffie, became the individual property of the said McDuffie, in the settlement of the copartnership of McDuffie and one N. S. Upchurch, and were endorsed by McDuffie to the plaintiff, is not admitted in the answer, and there is no proof in respect to it; so, this part of the bill fails, and not only so, but the failure causes a fatal defect, for the want of parties ; for these tw.o debts are to be paid before the debt in which the plaintiff is concerned as a surety, and consequently, McDuffie and Upchurch were necessary parties. It is well settled, that one creditor, secured in a deed of trust, cannot maintain a bill for an account of the fund, without making’ all creditors, who are prefeired, and all who are in the same class with him, parties, either as plaintiffs or defendants;
 
 Patton
 
 v.
 
 Bencini,
 
 6 Ire. Eq. 204;
 
 Fisher
 
 v.
 
 Worth,
 
 Busb. Eq. 63. It is necessary to enforce this rule, to prevent a multiplicity of suits ; for, otherwise, the 'trustee might be subjected to as many suits as there are creditors ; and to protect the trustee; for an account taken in the suit of one, would not be evidence in the suit of another creditor, and so the trustee could never know when he was safe. ’
 

 2. Where a surety has paid the debt of his principal, he may proceed against him, or may subject a fund, which he has provided, without making the creditor a party ; but where the debt is unpaid, and the surety seeks for exoneration, there, as a matter of course, the creditor must be a party ; for the relief is not to have the amount paid to the sui'ety, but to have it paid to the creditor, who is decreed to accept it in discharge of the liability. Our case furnishes an apt illustration of the principle. Sirmans is indebted to one Blaney Williams, with the plaintiff, and one McPhail'as his sureties. A fund is provided by Sirmans for the payment of the debt, or a sufficient amount thereof to save the plaintiff harmless; the plaintiff is insolvent and has left the country. Now, is the
 
 *15
 
 fund to be paid to him or to Williams ? Indeed, be hardly has the face to ask for the money, but prays for something like it, in the shape of a decree, for so much as will save him harmless, in respect to his suretyship, when he does not allege that he has paid, or ever expects to pay one cent! It is averred, in the answer, that the whole debt has been paid by a sale of the property of McPhail. If so, he is entitled to be subrogated to the rights of the creditor, and ought .to have been a party on account of the interest which he has in the fund.
 

 How far a creditor is at liberty to ask to have a deed of trust carried into execution, which he alleges was made with an intent to defraud creditors — whether he can claim under, and also against it, is a question into which we will not now enter, for, as a fraudulent combination is charged between the debtor and one of the trustees, it would seem both parties, to the alleged fraud, should be before the Court. But Sir-mans is a necessary party, on another ground; he is charged with having retained a large part of the trust fund, and it is admitted, in the bill, that he made a payment of several hundred dollars, on one of the notes secured in the trust, to wit, the note payable to McDuffie, after the creation of the trust. So, he is a necessary party in taking the account both in re■gard to items of charge and discharge.
 

 Pee Cubiah, Bill dismissed with costs.